# EXHIBIT 1

SUM-100

# SUMMONS
## (CITACION JUDICIAL)
**BY FAX**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CITIBANK, N.A., and DOES 1-10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JENNIFER TRISDALE,

 COPY

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**

MAY 05 2020

CLERK OF THE SUPERIOR COURT
BY: R. HONEYCUTT, DEPUTY CLERK

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court, County of Shasta

**CASE NUMBER:** *(Número del Caso):* 194917

1500 Court Street, Room 319
Redding, California 96001

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, Adrian R. Bacon, 21550 Oxnard St., Suite 780 Woodland Hills, CA 91367, 323-306-4234

DATE: MAY 05 2020     Clerk, by **R. HONEYCUTT**, Deputy
*(Fecha)*              *(Secretario)*                          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

[American LegalNet, Inc.]

COPY

Todd M. Friedman (216752)
Adrian R. Bacon (2803332)
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com

Attorneys for Plaintiff

**FILED**

MAY 05 2020

CLERK OF THE SUPERIOR COURT
BY: R. HONEYCUTT, DEPUTY CLERK

BY FAX

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF SHASTA
## UNLIMITED JURISDICTION

| | |
|---|---|
| JENNIFER TRISDALE,<br><br>Plaintiff,<br><br>-vs-<br><br>CITIBANK, N.A., and DOES 1-10, inclusive,<br><br>Defendant. | ) CASE NO.: **194917**<br>) COMPLAINT FOR VIOLATIONS OF<br>)<br>) 1. Rosenthal Fair Debt Collection Practices<br>)    Act (Cal. Civ. Code § 1788 *et seq.*)<br>) 2. Telephone Consumer Protection Act (47<br>)    U.S.C. § 227 *et seq.*)<br>) 3. False Advertising Act (Cal. Business &<br>)    Professions Code §§ 17500 *et seq.*)<br>) 4. Unfair Competition Law (Cal. Business<br>)    & Professions Code §§ 17200 *et seq.*);<br>)<br>) **DEMAND FOR JURY TRIAL** |

### I. INTRODUCTION

1.      This is an action for damages brought by an individual consumer for Defendants' violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA"), and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices; and, in connection with the aforementioned claims, against Defendants for their violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (hereinafter "TCPA")

1

COMPLAINT

2. Plaintiff further alleges the unlawful and deceptive business practices of Defendant with regard to Defendant's representation of the reliability of their website to California consumers and the general public in violation of California's False Advertising Act, Cal. Bus. & Prof. Code section §17500, et seq. (the "FAL"), and the Unfair Competition Law, Cal. Bus. & Prof. Code §17200, et seq. (the "UCL").

## II. PARTIES

3. Plaintiff, JENNIFER TRISDALE ("Plaintiff"), is a natural person residing in Shasta County, California, is a "debtor" as defined by Cal. Civ. Code §1788.2(h) and a "consumer" as defined by Cal. Bus. & Prof. Code §17601(d).

4. At all relevant times, Defendant CITIBANK, N.A. (hereinafter "CITIBANK" and/or "Defendant"), is a "person" as that term is defined by 15 U.S.C. §1681a(b). Defendant was and is a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt," as defined by Cal. Civ. Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due them, and therefore is a "debt collector" as defined by the RFDCPA, Cal. Civ. Code §1788.2(c).

5. The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

6. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## III. FACTUAL ALLEGATIONS

7.  At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendants sought to collect on a debt owed by Plaintiff. Defendant misrepresented, and continues to misrepresent, Plaintiff's accounts.

8.  Plaintiff opened and maintains a credit card account with Defendant. Plaintiff's account number with Defendant ends in -0684.

9.  On or about November of 2019, Defendant contacted Plaintiff numerous times on her cellular telephone ending in -4007 in an attempt to collect an alleged outstanding debt.

10. Defendant's volume of calls to Plaintiff's cellular telephone number in an attempt to collect an alleged outstanding debt from Plaintiff is excessive.

11. On or about November 16, 2019, Plaintiff answered one of Defendant's numerous calls. Defendant's representative advised Plaintiff she was late on her payment on account ending in -0684 with Defendant.

12. Plaintiff advised Defendant she made per payment timely and in an amount greater than the minimum required.

13. Defendant's representative told Plaintiff that unless the majority of the account balance was paid off, approximately $800.00, her payment would be considered late. However, if Plaintiff agreed to make an immediate payment of $32.15 over the phone, then her payment would be acceptable.

14. Plaintiff authorized an additional payment of $32.15 towards her Citibank account balance.

15. Plaintiff requested a confirmation number from Defendant for the additional payment. Defendant's agent advised Plaintiff that the confirmation number was the date of the payment.

16. Defendant's agent did not provide Plaintiff a legitimate way of tracking or confirming her additional payment was made.

17. Defendant misrepresented the reliability of their services to Plaintiff that her payments would be properly applied to her account balance when in fact they did not and had no intention of doing so.

18. Plaintiff agreed to Defendant's account terms based on Defendant's misrepresentations. Plaintiff would not have taken the account absent these misrepresentations by Defendant. In so doing, Defendant has violated California consumer protection statutes.

19. Defendant used an "automatic telephone dialing system", as defined by *47 U.S.C. § 227(a)(1)*, to place its repeated collection calls to Plaintiffs seeking to collect the debt allegedly owed.

20. Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

21. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiffs incur a charge for incoming calls pursuant to *47 U.S.C. §227(b)(1)*.

22. §1788.17 of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. §1692d, and §1692d(5).

23. Defendants' conduct violated the RFDCPA and FDCPA in multiple ways, including but not limited to:

   a. Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal Civ Code § 1788.11(d)):

   b. Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal Civ Code § 1788.11(e));

   c. Causing Plaintiffs telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§ 1692d(5));

   d. Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (§1692c(a)(1));

   e. Engaging in conduct the natural consequences of which is to harass, oppress, or abuse Plaintiff (15 U.S.C. § 1692d);

   f. Falsely representing the character, amount, or legal status of Plaintiff's debt (§ 1692e(2)(A));

   g. Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (§ 1692e(10); and,

   h. Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (§ 1692f)

24. Defendant's conduct violated the TCPA by:

   a. Using any automatic telephone dialing system or an artificial or pre-recorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call (47 USC §227(b)(A)(iii)).

25. Further, Defendant represents its services as reliable.

26. CITIBANK's representations were false, misleading, and outright deceptive. CITIBANK's services do not meet the standards for which CITIBANK represented. CITIBANK's representations about the reliability of their services are material to Plaintiff's decision to transact with CITIBANK. That is, had Plaintiff known that CITIBANK's services were unreliable, that in fact they would not properly apply payments towards Plaintiff's account, Plaintiff would not have transacted with CITIBANK.

27. Furthermore, Plaintiff had not reasonable opportunity to uncover such deception prior to transacting with CITIBANK.

28. CITIBANK knew that Plaintiff relied on CITIBANK's misrepresentations.

29. As a result of CITIBANK's actions, CITIBANK deceived Plaintiff and caused her to sustain actual, significant economic damages for which she now seeks recompense.

30. Plaintiff felt ripped off and cheated by Defendant for representing their services as a reliable way for consumers to maintain their accounts. Plaintiff believes that Defendant will continue its action of duping customers in the same way unless Defendant's practices are halted by way of an injunction.

31. Plaintiff alleges on information and belief that Defendant's policy and practice is to materially misrepresent the reliability of its service for maintaining consumer accounts, through fraudulent omissions and misrepresentations, to induce consumers to reasonably rely on Defendant in order to induce their purchase of products from Defendant over law abiding competitors.

32. Defendants' conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendants are liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

33. As a result of the above violations of the RFDCPA, the FDCPA, the TCPA, the UCL, and the FAA, Plaintiff suffered and continue to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendants are liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

34. Plaintiff includes by reference all of the aforementioned paragraphs as if fully set forth herein.

35. To the extent that Defendants' actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

## COUNT II: VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT

36. Plaintiff includes by reference all of the aforementioned paragraphs as if fully set forth herein.

37. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

38. As a result of Defendant's negligent violations of *47 U.S.C. §227 et seq.*, Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

39. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

40. As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C)*.

41. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

## COUNT III: VIOLATION OF THE CALIFORNIA
## FALSE ADVERTISING ACT

42. Plaintiff includes by reference all of the aforementioned paragraphs as if fully set forth herein.

43. Pursuant to California Business and Professions Code section 17500, et seq., it is unlawful to engage in advertising "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading...or...to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

44. California Business and Professions Code section 17500, et seq.'s prohibition against false advertising extends to the use of false or misleading written statements.

45. CITIBANK misled Plaintiff by representing to Plaintiff, through statements and omissions, that they would apply payments made by Plaintiff towards her account.

46. CITIBANK knew that their representations and omissions were untrue and misleading, and deliberately made the aforementioned representations and omissions in order to deceive reasonable consumers like Plaintiff.

47. As a direct and proximate result of CITIBANK's misleading and false advertising, Plaintiff has suffered injury in fact and has lost money. Plaintiff reasonably relied upon CITIBANK's representations regarding CITIBANK's statements. As a result of CITIBANK's deception, Plaintiff's credit score has since suffered, and any future credit will be granted at interest rates that are higher than they would have been without CITIBANK's misconduct as described herein.

48. Plaintiff alleges that these false and misleading representations made by CITIBANK constitute a "scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

49. CITIBANK advertised to Plaintiff, through written representations and omissions made by CITIBANK E and their employees, that CITIBANK would apply Plaintiff's monthly payments towards the principal.

50. CITIBANK knew that they would be reporting the erroneous debt to all three credit bureaus.

51. Thus, CITIBANK knowingly sold services to Plaintiff that were not as represented.

52. The misleading and false advertising described herein presents a continuing threat to Plaintiff in that CITIBANK persists and continues to engage in these practices and will not cease doing so unless and until forced to do so by this Court. CITIBANK's conduct will continue to cause irreparable injury to purchasers unless enjoined or restrained. Plaintiff is entitled to preliminary and permanent injunctive relief ordering CITIBANK to cease their false advertising, as well as disgorgement and restitution to Plaintiff CITIBANK's revenues associated with their false advertising, or such portion of those revenues as the Court may find equitable.

## **COUNT IV: VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW.**

53. Plaintiff reincorporates by reference all preceding paragraphs.

54. Cal. Bus. & Prof. Code § 17200, *et seq*. (UCL) prohibits unfair competition in the form of any unlawful or unfair business act or practice. Cal. Bus. & Prof. Code. § 17204 allows "a person who has suffered injury in fact and has lost money or property" to prosecute a civil action for violation of the UCL. Such a person may bring such an action on behalf of themselves and others similarly situated who are affected by the unlawful and/or unfair business practice or act.

55. Defendants' conduct as set forth herein constitutes unlawful business acts and practices within the meaning of the California Business & Professions Code § 17200, et seq

56. Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL. Such violations of the UCL occur as a result of unlawful, unfair, or fraudulent business acts and practices. A plaintiff is required to provide evidence of a causal connection between a defendant's business practices and the alleged harm--that is, evidence that the defendant's conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the defendant's conduct created a risk of harm. Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

**UNFAIR**

57. California Business & Professions Code § 17200 prohibits any "unfair ... business act or practice." Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to purchasers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date.

58. In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to purchasers or competition; and, (3) is not one that purchasers themselves could reasonably have avoided

59. Here, CITIBANK's conduct has caused and continues to cause substantial injury to Plaintiff. Plaintiff has suffered injury in fact due to CITIBANK's decision to falsely represent the reliability of their account services. Plaintiff has suffered substantial economic loss in the form of a lowered credit score that has left her unable to obtain financing at a rate as favorable as she would have without CITIBANK's unscrupulous conduct as described herein, as well as financial losses. Thus, CITIBANK's conduct has caused substantial injury to Plaintiff.

60. Moreover, CITIBANK's conduct as alleged herein solely benefits CITIBANK while providing no benefit of any kind to any consumer. Such deception utilized by CITIBANK convinced Plaintiff that her monthly payments would be applied properly to her account, while in fact this was never the case. Defendants engaged in this deception in order to induce Plaintiff into relying on their representations and cause her to incur erroneous fees and charges on her accounts. Thus, the injury suffered by Plaintiff is not outweighed by any countervailing benefits to purchasers.

61. Finally, the injury suffered by Plaintiff is not an injury that Plaintiff could reasonably have avoided. Plaintiff provider her monthly payments and suffered injury as a result. Further, if this omission was made in error, CITIBANK failed to take reasonable steps in order to correct their own mistake. Therefore, CITIBANK allowed Plaintiff to believe her payments were made, failed to actually record the payment, and as a result Plaintiff's account was charged interest for periods longer and at rates higher than advertised. Further, an erroneous debt was reported on Plaintiff's credit reports. Therefore, the injury suffered by Plaintiff is not an injury which Plaintiff could reasonably have avoided.

62. Thus, CITIBANK's conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

### FRAUDULENT

63. California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice." In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

64. The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived. Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

65. Here, not only was Plaintiff likely to be deceived, but Plaintiff was actually deceived by CITIBANK. Such deception is evidenced by the fact that Plaintiff made her monthly payments, yet CITIBANK failed to record her payment. Plaintiff's reliance upon CITIBANK's deceptive statements is reasonable due to the unequal bargaining powers of CITIBANK and Plaintiff. For the same reason, it is likely that CITIBANK's fraudulent business practice would deceive other members of the public.

66. As explained above, CITIBANK deceived Plaintiff by representing Plaintiff's monthly payments would be properly applied, only to not follow through. Therefore, CITIBANK's representations were not true.

67. Thus, CITIBANK's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

## UNLAWFUL

68. California Business and Professions Code § 17200, et seq., prohibits "any unlawful... business act or practice."

69. As explained above, CITIBANK deceived Plaintiff by representing they apply payments towards the account balance, when none of these representations were true.

70. CITIBANK used misrepresentations to induce Plaintiff to purchase CITIBANK's services, in violation of California Business and Professions Code Section 17500, et seq.. Had CITIBANK not falsely advertised, marketed, or misrepresented its services, Plaintiff also would not have suffered a lower credit score and significant losses of money. CITIBANK's conduct therefore caused and continues to cause economic harm to Plaintiff

71. These representations by CITIBANK are therefore an "unlawful" business practice or act under Business and Professions Code Section 17200 et seq.

72. CITIBANK has thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiff to the judgment and equitable relief against CITIBANK, as set forth in the

Prayer for Relief. Additionally, pursuant to Business and Professions Code section 17203, Plaintiff and seeks an order requiring CITIBANK to immediately cease such acts of unlawful, unfair, or fraudulent business practices and requiring CITIBANK to correct its actions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants for the following:

A. Actual damages;
B. For statutory damages of $1,000.00 pursuant to Cal. Civ. Code §1788.30;
C. For statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(1) of the FDCPA, made applicable through Cal. Civ. Code §1788.17 of the RFDCPA
D. For statutory damages of $500.00 pursuant to *47 U.S.C. 227(b)(3)(B)* for each and every violation of *47 U.S.C. §227(b)(1)*;
E. For treble damages as provided by statute of up to $1,500.00 pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*, for each and every violation willful and/or knowing violations of *47 U.S.C. §227(b)(1)*;
F. Costs and reasonable attorney's fees; and,
G. For such other and further relief as the Court may deem just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

73. Plaintiff, pursuant to her rights under Article 1, Section 16 of the Constitution of the State of California, demands a trial by jury on all issues so triable.

Respectfully submitted this 4th Day of May, 2020.

By: _____
Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff

COPY

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: <br> Todd M. Friedman, Esq. SBN 216752 <br> Law Offices of Todd M. Friedman <br> 21550 Oxnard St., Suite 780 <br> Woodland Hills, CA 91367 <br> TELEPHONE NO.: 323-306-4234   FAX NO.: 866-633-0228 <br> ATTORNEY FOR *(Name)*: Plaintiff, Jennifer Trisdale | FOR COURT USE ONLY |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Shasta <br> STREET ADDRESS: 1500 Court St, Room 319 <br> MAILING ADDRESS: 1500 Court St, Room 319 <br> CITY AND ZIP CODE: Redding 96001 <br> BRANCH NAME: Main Courthouse | **FILED** <br> MAY 05 2020 <br> CLERK OF THE SUPERIOR COURT <br> BY: R. HONEYCUTT, DEPUTY CLERK |
| CASE NAME: Jennifer Trisdale vs. Citibank, N.A., et al | |

BY FAX

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 194917 |
|---|---|---|---|---|
| [✓] Unlimited <br> (Amount demanded exceeds $25,000) | [ ] Limited <br> (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | | JUDGE: <br> DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) <br> [ ] Uninsured motorist (46) | [ ] Breach of contract/warranty (06) <br> [ ] Rule 3.740 collections (09) <br> [ ] Other collections (09) <br> [ ] Insurance coverage (18) <br> [ ] Other contract (37) | (Cal. Rules of Court, rules 3.400–3.403) <br> [ ] Antitrust/Trade regulation (03) <br> [ ] Construction defect (10) <br> [ ] Mass tort (40) <br> [ ] Securities litigation (28) <br> [ ] Environmental/Toxic tort (30) <br> [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** <br> [ ] Asbestos (04) <br> [ ] Product liability (24) <br> [ ] Medical malpractice (45) <br> [ ] Other PI/PD/WD (23) | **Real Property** <br> [ ] Eminent domain/Inverse condemnation (14) <br> [ ] Wrongful eviction (33) <br> [ ] Other real property (26) | |
| **Non-PI/PD/WD (Other) Tort** <br> [ ] Business tort/unfair business practice (07) <br> [ ] Civil rights (08) <br> [ ] Defamation (13) <br> [ ] Fraud (16) <br> [ ] Intellectual property (19) <br> [ ] Professional negligence (25) <br> [✓] Other non-PI/PD/WD tort (35) | **Unlawful Detainer** <br> [ ] Commercial (31) <br> [ ] Residential (32) <br> [ ] Drugs (38) <br> **Judicial Review** <br> [ ] Asset forfeiture (05) <br> [ ] Petition re: arbitration award (11) <br> [ ] Writ of mandate (02) <br> [ ] Other judicial review (39) | **Enforcement of Judgment** <br> [ ] Enforcement of judgment (20) <br> **Miscellaneous Civil Complaint** <br> [ ] RICO (27) <br> [ ] Other complaint *(not specified above)* (42) <br> **Miscellaneous Civil Petition** <br> [ ] Partnership and corporate governance (21) <br> [ ] Other petition *(not specified above)* (43) |
| **Employment** <br> [ ] Wrongful termination (36) <br> [ ] Other employment (15) | | |

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a.[✓] monetary  b.[✓] nonmonetary; declaratory or injunctive relief  c.[✓] punitive
4. Number of causes of action *(specify)*: 4 (Rosenthal Fair Debt Collection Practices Act)
5. This case [ ] is  [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 4, 2020
Todd M. Friedman
(TYPE OR PRINT NAME)                                                   ▶            (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br> Cal. Standards of Judicial Administration, std. 3.10 <br> www.courtinfo.ca.gov <br> American LegalNet, Inc. <br> www.FormsWorkflow.com |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business Practice (07)
  Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition